IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02709-REB-BNB

GIACOMO KRATTER,

    Plaintiff

v.

CATHOLIC HEALTH INITATIVES COLORADO, doing business as CENTURA HEALTH-SUMMIT MEDICAL CENTER and ST. ANTHONY SUMMIT MEDICAL CENTER, a Colorado corporation; STEADMAN HAWKINS CLINIC, PROFESSIONAL, LLC, a Colorado limited liability company ; RANDALL W. VIOLA, M.D.; MARY I. BRYAN, P.A.; and THOMAS R. HACKETT, M.D.,

    Defendants.

## ~~PROPOSED~~ ORDER GRANTING PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all information contained in the professional liability insurance contracts between any insurance company and any Defendant named in this action (hereinafter referred to as "insurance contracts"), and the various attachments to the insurance contracts;

2. The parties agree that the various insurance contracts and attachments thereto shall be kept confidential and shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

    a. The parties;

    b. Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

    c. Expert witnesses and consultants retained in connection with this proceeding; and

    d. Court officials involved in this action.

3. If the insurance contracts and attachments thereto are submitted to the Court, it shall be submitted under seal **consistent with D.C.COLO.LCivR 7.2** ~~and 7.3~~. In the event one of these documents or any portion thereof is used in any court filing or proceeding in this action, including but not limited to use in a deposition or at trial, it shall not lose its confidential status. The Court will adopt appropriate procedures in connection with the Pretrial Order to protect the confidential status of such document.

4. At the time each document is produced, each page shall bear the following notation:

**CONFIDENTIAL PRODUCED SUBJECT TO PROTECTIVE ORDER**

**United States District Court, District of Colorado Civil Action No. 08-cv-02709-REB-BNB**

5. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

6. Any qualified person to whom the parties provide the endorsements/contracts/agreements and attachments shall be informed of the stipulated Protective Order and shall be subject to its terms.

7. At the conclusion of this case, unless other arrangements are agreed upon in writing by all parties, each confidential document, including copies provided to qualified persons, shall be returned to the producing party or the parties may elect to destroy such documents. Were the parties to agree to destroy the documents, the destroying party shall provide all parties with an affidavit confirming destruction of all copies.

8. This Protective Order shall bind all parties and their attorneys as soon as it is signed by counsel for all parties, and it shall be submitted to the Court to be made an Order of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED March 3, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge