IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02709-REB-BNB

GIACOMO KRATTER,

Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado corporation d/b/a Centura Health-Summit Medical Center d/b/a St. Anthony Summit Medical Center,
STEADMAN HAWKINS CLINIC, PROFESSIONAL, LLC, a Colorado limited liability company,
MARY I. BRYAN, P. A., and
THOMAS R. HACKETT, M.D.,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiff's Motion to Strike the Experts of Defendants Catholic Health Care Initiatives Colorado, Steadman Hawkins Clinic, Mary Bryan, PA and Thomas Hackett M.D. Which Violate the Court's Scheduling Order, and Request for an Expedited Telephonic Hearing** [Doc. # 88, filed 2/23/2010] (the "Motion to Strike Experts"); and

(2) **Defendants Thomas R. Hackett, M.D.'s, Mary I. Bryan, P.A.'s, and Steadman Hawkins Clinic, Professional, LLC's Stipulated Motion to Take Deposition of Sean Nork, M.D. Outside the Scheduling Order** [Doc. # 98, filed 3/4/2010] (the "Motion for Deposition").

I held a hearing on the motions on March 11, 2010, and made rulings on the record, which are incorporated here.

The Motion to Strike Experts is based on the following provision contained in the Scheduling Order [Doc. # 30, filed 6/26/2009] at Part 8(d)(2):

> Plaintiff shall be limited to 11 specially-retained expert witnesses to testify at trial, not including rebuttal experts. This limitation includes treating physicians who give opinions regarding prognosis. Defendants collectively shall be limited to a total of 20 specially-retained expert witnesses. No party shall designate more than one expert in any field of expertise.

The limitation of one expert per field of expertise was necessitated by the large number of expert witnesses the parties insisted were required.

The plaintiff complains that defendants Catholic Health and Steadman Hawkins have violated the one expert per field of expertise limitation by designating two experts--Dr. Steven Morgan and Dr. Sean Nork, both orthopedic surgeons--to testify regarding causation. I do not agree.

Catholic Health has endorsed only Dr. Morgan as an orthopedic surgeon to testify as to causation. It clarified that it has "cross-endorsed" Dr. Nork, Catholic Health Response [Doc. # 101, filed 3/8/2010] at ¶7, but that "the Hospital did not intend to rely on Dr. Nork to support its defense. . . . The Hospital merely seeks to preserve its right to ask questions of Dr. Nork if his direct and cross examination elicit any testimony related directly to the Hospital employees." Id. In view of this clarification and limitation, I find that Catholic Health has not violated the one expert per field of expertise limitation. Catholic Health will be allowed to list only Dr. Morgan, and not Dr. Nork, in the final pretrial order as an expert it will call on the issue of causation.

Similarly, Steadman Hawkins asserts that it "endorsed a single orthopedic surgeon, Dr.

Sean Nork," Steadman Hawkins Response [Doc. # 102, filed 3/8/2010] at p. 2, and "cross-endorsed Catholic Health['s] orthopedic surgeon expert, Dr. Steven Morgan." Id. Steadman Hawkins may question Dr. Morgan subject to the same limitation--merely to ask questions of Dr. Morgan if his direct and cross examination elicit any testimony related directly to Steadman Hawkins and its employees.

The plaintiff also complains that Catholic Health designated two experts to testify regarding the standard of care applicable to its nursing staff--Dr. Steven Morgan, an orthopedic surgeon, and Kristy Munch, a nurse. I find that an orthopedic surgeon and a nurse are not in the same area of expertise. The designation of these two expert witnesses does not violate the one expert per area of expertise limitation.

Similarly, Steadman Hawkins designated two experts regarding the standard of care applicable to a physician's assistant--Dr. Steven Morgan, an orthopedic surgeon, and Brent Waldren, a physician's assistant. I find that an orthopedic surgeon and a physician's assistant are not in the same area of expertise. The designation of these two expert witnesses does not violate the one expert per area of expertise limitation.

Finally, the plaintiff complains that Catholic Health designated two experts in the area of sports agency/marketing--Jon Franklin and Leigh Augustine--to testify about the plaintiff's lost earnings potential. I agree that the designation of these two sports agents, with identical credentials and expressing overlapping opinions, violates the one expert per area of expertise limitation. Catholic Health must elect, by 5:00 p.m. on March 12, 2010, which of the two sports agents it will call.

Franklin and Augustine both hold juris doctor degrees. They both work in the field of

3

sports agency and marketing. Significantly, they both intend to opine that the plaintiff's lost earnings are the result, at least in part, of his age and the passage of time. In particular, Mr. Franklin opines that "[t]he trajectory of Mr. Katter's career contest results peaked and he was no longer on an upward trajectory at the time of the injury." Expert Report of Jon Franklin [Doc. # 101-5] at p. 3. Similarly, Mr. Augustine's report includes his opinion that "as of December 2006, the competition level of the elite halfpipe snowboarders had already passed [the plaintiff] by." Expert Report of Leigh Augustine [Doc. # 101-6] at p. 4. The fact that Franklin's opinions purport to be from the perspective of a sports agent working for corporate sponsors while Augustine's opinions purport to be from the perspective of an athlete's agent does not save them from violating the one expert per area of expertise limitation. They are both experts in the area of sports agency/marketing opining as to the cause of the decline in the plaintiff's lost earnings.

The Motion for Deposition is unopposed and good cause exists to amend the scheduling order to allow the deposition of Dr. Nork outside the discovery cut-off.

IT IS ORDERED that the Motion to Strike [Doc. # 88] is GRANTED IN PART and DENIED IN PART as follows:

- GRANTED to require Catholic Health to elect between Jon Franklin or Leigh Augustine as an expert in the field of sports agency/marketing;

- GRANTED to limit the testimony of Drs. Steven Morgan and Sean Nork, as set out above; and

- DENIED in all other respects.

IT IS FURTHER ORDERED that the Motion for Deposition [Doc. # 98] is GRANTED.

The deposition of Dr. Sean Nork shall occur on March 31, 2010.

Dated March 15, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge