IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02709-REB-BNB

**GIACOMO KRATTER,**

Plaintiff

v.

**CATHOLIC HEALTH INITATIVES COLORADO, doing business as CENTURA HEALTH-SUMMIT MEDICAL CENTER and ST. ANTHONY SUMMIT MEDICAL CENTER, a Colorado corporation; STEADMAN HAWKINS CLINIC, PROFESSIONAL, LLC, a Colorado limited liability company ; RANDALL W. VIOLA, M.D.; MARY I. BRYAN, P.A.; and THOMAS R. HACKETT, M.D.,**

Defendants.

---

**ORDER RE: STIPULATED MOTION FOR PROTECTIVE ORDER**

---

Upon a showing of good cause in support of entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass or oppress any party, witness or person providing discovery in this case, IT IS ORDERED

1. This Protective Order shall apply to all information contained in Steve Morgan, M.D.'s medical research and presentation materials, including materials provided in response to Plaintiff's subpoena duces tecum at his deposition. This material also includes medical research performed on behalf of various companies who have a proprietary interest in the research.

2. The parties agree that Dr. Morgan's medical research and presentation materials shall be kept confidential and shall be used solely for the purposes of this action, and shall not, without the consent of the party producing it or further Order of Court, be made available or disclosed to persons other than "qualified persons." "Qualified person" as used herein means:

    a. The parties;

    b. Attorneys actively working on this case and persons regularly employed or associated with the attorneys actively working on the case;

    c. Expert witnesses and consultants retained in connection with this proceeding; and

    d. Court officials involved in this action.

3. If the medical research and presentation materials are submitted to the Court, they shall be submitted under seal. In the event one of these documents or any portion thereof is used in any court filing or proceeding in this action, including but not limited to use in a deposition or at trial, it shall not lose its confidential status.

4. At the time each document is produced, each page shall bear the following notation:

**CONFIDENTIAL PRODUCED SUBJECT TO PROTECTIVE ORDER**
**United States District Court, District of Colorado**
**Civil Action No. 08-cv-02709-REB-BNB**

5. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the

objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this protective order. If the motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this protective order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time period, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as confidential pursuant to this protective order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

6. Any qualified person to whom the parties provide the medical research and presentation materials shall be informed of the stipulated Protective Order and shall be subject to its terms.

7. At the conclusion of this case, unless other arrangements are agreed upon in writing by all parties, each confidential document, including copies provided to qualified persons, shall be returned to the producing party or the parties may elect to destroy such documents. Were the parties to agree to destroy the documents, the destroying party shall provide all parties with an affidavit confirming destruction of all copies.

8. This Protective Order shall bind all parties and their attorneys as soon as it is signed by counsel for all parties, and it shall be submitted to the Court to be made an Order of the Court. The Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated April 7, 2010.

BY THE COURT:

*[signature]*
United States ~~District Court~~ Magistrate Judge Boland

BACHUS & SCHANKER, LLC

s/ Shari R. L. Willis
Shari R. L. Willis, Esq
*Bachus & Schanker, LLC*
*1400 16th Street, Suite 450*
*Denver, Colorado 80202*
*Phone: (303) 893-9800*
*Facsimile: (303) 893-9900*
*E-mail:    swillis@coloradolaw.net*
*Attorneys for Plaintiff*

KENNEDY, CHILD, & FOGG PC

s/ Laura Wassmuth
Laura Wassmuth, Esq.
Barbara Glogiewicz, Esq
*Kennedy, Child, & Fogg, PC*
*1050 17th Street, Suite 2500*
*Denver, CO 80202*
*Telephone: (303) 825-2700*
*Fax: (303)825-0434*
*Email: bglogiewicz@kcfpc.com*
        *lwassmuth@kcfpc.com*
*Attorneys for Defendants Catholic Health Initiatives and St. Anthony's Summit Medical Center*

MESSNER & REEVES,
ATTORNEYS AT LAW

s/ Michelle A. Harden
Michelle A. Harden, Esq.
Bruce A. Montoya, Esq.
*Messner & Reeves, Attorneys at Law*

4

*1430 Wynkoop Street, Suite 300*
*Denver, CO 80202*
*Telephone: (303) 623-1800*
*Fax: (303) 623-0552*
*Email: bmontoya@messner-reeves.com*
*mharden@messner-reeves.com*
*Attorneys for Defendants Steadman*
*Hawkins Clinic, Professional, LLC,*
*Thomas Hackett, MD and*
*Mary A. Bryan, PA.*